**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3420
_____

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION 95-95A,

Appellant

v.

FARMLAND FOODS, INC.; SMITHFIELD PACKAGED MEATS CORP.;
SMITHFIELD PACKAGED MEATS CORP., trading and doing business as
FARMLAND FOODS, INC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-19-cv-00785)
District Judge: Honorable Arthur J. Schwab
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 1, 2020

Before: KRAUSE and PHIPPS, *Circuit Judges*, and BEETLESTONE,[*] *District Judge*.

(Opinion Filed: July 10, 2020)
_____

**OPINION**[†]
_____

---

[*] Honorable Wendy Beetlestone, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[†] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Having challenged Smithfield Packaged Meats Corp.'s practice of "withholding deferred wage pension contribution[s]" from its employees as a violation of its collective bargaining agreement and having sought unsuccessfully to compel arbitration under that agreement, the International Union of Operating Engineers, Local Union 95-95A now appeals the District Court's order dismissing its action to compel arbitration. Because we agree with the District Court that the Union's grievance does not implicate any provision of the CBA and therefore is not arbitrable, we will affirm.

## DISCUSSION[1]

The Union argues that the District Court erred in dismissing its suit for two reasons: (1) the withholding of deferred wage pension contributions does implicate the wage and pension provisions of the CBA; and (2) dismissal was premature because discovery may unearth evidence of improperly withheld employee pension contributions. Neither argument is persuasive.

First, "arbitration is a matter of contract," and "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Rohm & Haas Co.*, 522 F.3d 324, 331 (3d Cir. 2008) (citation omitted). Here, the CBA specifies that the arbitrator "shall only have jurisdiction and authority to interpret,

---

[1] The District Court had jurisdiction over this National Labor Relations Act suit pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185(a). We have jurisdiction under 28 U.S.C. § 1291. We review a motion to dismiss on Rule 12(b)(6) grounds and the District Court's legal determinations regarding arbitrability de novo. *See Griswold v. Coventry First LLC*, 762 F.3d 264, 270 (3d Cir. 2014); *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

2

apply or determine compliance with" the CBA and "shall not have jurisdiction to add to, detract from or alter in any way the provisions of th[e] [CBA]." App. 34. Because we apply "ordinary principles of contract law" to interpret this provision, *Cup v. Ampco Pittsburgh Corp.*, 903 F.3d 58, 62 (3d Cir. 2018) (citation omitted), we may compel arbitration only if, after "critical examination," it is clear that the dispute "genuinely implicate[s]" a provision of the CBA, *Rite Aid of Pa., Inc. v. United Food & Commercial Workers Union*, 595 F.3d 128, 132 (3d Cir. 2010). The Union's grievance does not.

As the District Court observed, Smithfield's alleged withholding of deferred wage pension contributions does not implicate the pension or wage provisions, or any other provision of the CBA. The pension provision obligates Smithfield to contribute to the Union's pension fund only at set hourly rates up to a monthly cap per employee, which it has done; nothing in that provision suggests any additional "deferred" amount that Smithfield must either pay its workers or otherwise funnel into their pension plans beyond the monthly cap. The wage provision, too, is highly specific and makes no mention of "deferred wages." And the Union has not directed us to any other language in the CBA that suggests Smithfield owes its employees additional payments in the form of "deferred wage pension contribution[s]," App. 44, under the terms of that agreement.

Second, the Union urges us to compel arbitration in the hope that discovery will produce evidence of improperly withheld employee pension contributions. But extrinsic evidence "[may] be admitted, if at all, only to resolve an ambiguity in the CBA and should not be used to add terms to a contract that is plausibly complete without them." *Cup*, 903 F.3d at 64 (alteration in original) (internal quotation marks and citations omitted). Here,

3

there is no ambiguous language or "yawning void . . . that cries out for an implied term." *Id.* (alteration in original) (citation omitted). To the contrary, the CBA makes clear that arbitrators lack the power to "add to . . . or alter in any way the provisions of th[e] [a]greement," App.34, and as the Union admits, the benefit it seeks to enforce is neither "itemize[d]" nor "even reference[d]" in the CBA, Appellant's Br. 6. Under these circumstances, the District Court did not err in declining to compel arbitration and dismissing the Union's action.

## CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.